**SO ORDERED.**

**SIGNED August 26, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

```
           UNITED STATES BANKRUPTCY COURT
           WESTERN DISTRICT OF LOUISIANA
                LAKE CHARLES DIVISION


IN RE:

LATOYA MARIE BRAXTON                      CASE NO. 05-20085

    Debtor                                Chapter 7
```
------------------------------------------------------------------
### MEMORANDUM RULING
------------------------------------------------------------------

Latoya Marie Braxton ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code[1] on January 26, 2005 ("Petition Date"), and on that day an order for relief was duly entered. Rudolph Odo Young ("Trustee") is the duly appointed, qualified and acting trustee in the case.

The Trustee timely filed an objection to the Debtor's claim of exemption to her 2000 Chevy Malibu. A hearing on the objection was

---

[1]Title 11, United States Code. References herein to sections of the Bankruptcy Code are shown as "section ___."

held on April 21, 2005. After hearing from counsel, the matter was taken under advisement.

Louisiana is an "opt out" state as its legislature, pursuant to the authority of section 522(b), determined that persons filing for bankruptcy in Louisiana could claim only those exemptions permitted by state law and federal law other than title 11.[2] That statute provides, in relevant part:

> A. The following income or property of a debtor is exempt from seizure under any writ, mandate, or process whatsoever:
>
> \* \* \*
>
> (2) That property necessary to the exercise of a trade, calling, or profession by which he earns his livelihood, which shall be limited to the following:
>
> > (a) Tools.
> >
> > \* \* \*
> >
> > (d) Seven thousand five hundred dollars in equity value for one motor vehicle per household, used by the debtor and his family household. The equity value of the motor vehicle shall be based on the NADA retail value for the particular year, make and model. The one motor vehicle may be used in exercising a trade, calling or profession or used for transportation to and from the place at which the debtor earns his livelihood.

The Trustee takes the position that, since the Debtor was not employed on the Petition Date, the vehicle did not come within the sphere of LSA-R.S. 13:3881A(2).

---

[2]LSA-R.S. 13:3881B(1).

2

This court recently held[3] that debtors who seek to exempt a vehicle may claim such exemption solely under subparagraph (d) of the state statute. While the facts presented in that case are somewhat different in that the debtor sought to claim two vehicles under subparagraph (a) and another under subparagraph (d), the court determined that the recent amendment to the statute evidence a legislative intent to allow debtors to claim vehicles as exempt only under subparagraph (d).

For the exemption under subparagraph (d) to be allowed, the vehicle must either be (a) "used in exercising a trade, calling or profession," or (b) "used for transportation to and from the place at which the debtor earns his livelihood."

The Fifth Circuit has held that —

> exemptions claimed . . . are determined by the facts and the law as they exist on the date of filing the bankruptcy petition. [footnote omitted] This focus on the status as of the date of filing is commonly referred to as the "snapshot" approach to determining the extent of the bankruptcy estate and the scope of the exemptions.

Matter of Zibman, 268 F.3d 298, 302 (5th Cir.2001). See also, White v. Stump, 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924).

In response to this position, the Debtor argues that her lack of employment on the Petition Date was temporary, and, in fact, had

---

[3]In re Lane and Josette Savoie, Case No. 04-53664.

3

returned to gainful employment by the time of the hearing.  While the court does not make light of this equitable argument, the law as set forth in <u>Zibman</u> dictates the result of this proceeding—as the Debtor was unemployed on the Petition Date, the objection to the claim of exemption must be **SUSTAINED**.  Accordingly, the claim of exemption of the 2000 Chevy Malibu is **DISALLOWED**.

    **IT IS SO ORDERED.**

###

4

05-20085 - #15  File 08/26/05  Enter 08/29/05 09:39:27  Main Document  Pg 4 of 4